UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATACHA NOBILE,

                Plaintiff,

-against-

PRINCESS KATE WINDSOR,

                Defendant.

1:23-CV-10997 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. By order dated January 29, 2024, the Court dismissed this action as frivolous. (ECF 4.) In that same order, because of Plaintiff's frivolous litigation history in this court, the Court directed Plaintiff to show cause, by declaration, within 30 days, why the Court should not bar her from filing any future civil action in this court *in forma pauperis* ("IFP") without first obtaining the court's leave to file. (*Id.*) On February 1, 2024, Plaintiff filed two letters in which she appears to request that this already-dismissed action be transferred "to Brooklyn" in order to have it settled "faster," and in which she complains that she has "been tormented by Princess Kate for years." (ECF 6 & 8.) The next day, February 2, 2024, Plaintiff filed a motion in which she asks the Court to "give [her] a court date to win against Princess Kate for warmongering, death threats, etc." (ECF 5.) On that same date, Plaintiff filed a declaration. (ECF 7.) Seven days later, on February 9, 2024, she filed a second declaration. (ECF 9.)

      Plaintiff's declarations, as well as her other submissions filed in this action after the Court's January 29, 2024 dismissal of this action, either reiterate Plaintiff's frivolous allegations that she made in her complaint, offer the Court a portion of Plaintiff's monetary winnings from this action, should she be successful, and/or contain incomprehensible statements. Thus, they do

not give a sufficient reason as to why the Court should not impose the abovementioned filing injunction. Accordingly, the Court will impose the abovementioned filing injunction.

## CONCLUSION

The Court hereby bars Plaintiff from filing any future civil action in this court IFP without first obtaining the court's leave to file. *See* 28 U.S.C. § 1651. Plaintiff must attach a copy of her proposed complaint and a copy of this order to any motion seeking leave to file a civil action in this court IFP. The motion must be filed with the Pro Se Intake Unit of this court. If Plaintiff violates this order and files a civil action in this court seeking to proceed IFP without filing a motion for leave to file, the court will dismiss that action for failure to comply with this order.

The Court also warns Plaintiff that the continued submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See id.*

The Court directs the Clerk of Court to close this action and terminate any motions pending in this action.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in the Court's January 29, 2024 order.

SO ORDERED.

Dated: February 16, 2024
       New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                  Chief United States District Judge